IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:24cr195-MHT |
| | ) | (WO) |
| CALVIN S. CUMMINGS | ) | |

# OPINION AND ORDER

This case is before the court on defendant Calvin S. Cummings's motion for early termination of his supervised release. The probation department and government defer to the court's judgment on the motion. For the following reasons, the motion will be granted.

A court may grant a motion for early termination of supervised release if, after considering the relevant 18 U.S.C. § 3553(a) factors, "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Moreover, unlike incarceration, supervised release is not meant to serve the backward-looking purpose of retribution, but instead the forward-looking goals of deterrence, incapacitation, and rehabilitation. *See Esteras v. United States*, 606 U.S.

185, 196 (2025). "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Cummings, who completed a 188-month term of imprisonment for convictions of possession of a firearm after conviction of a felony (18 U.S.C. § 922(g)(1)) and possession with intent to distribute a detectable amount of cocaine (21 U.S.C. § 841(a)(1)), has successfully completed more than four and a half years of his five-year term of supervision. The probation department notes that, throughout his term of supervised release, Cummings has avoided illegal drug use and criminal activity, "has demonstrated stability in his home and work life, and ... has been exceptionally compliant." Probation's Resp. (Doc. 6) at 1. The government similarly notes that Cummings' conduct on supervised release has been "laudable." Gov't's Resp. (Doc. 7) at 1.

However, both the probation department and the government raise concerns about Cummings's significant criminal history. While observing that, "[a]bsent

Cummings' extensive criminal history, he would be a suitable candidate for early termination for the reasons mentioned," Probation's Resp. (Doc. 6) at 1, the department states that, because Cummings was found to be a 'career offender' and 'armed career criminal' at sentencing, it may not petition the court for early termination. The government observes that Cummings's criminal history and categorization are "alarming." Gov't's Resp. (Doc. 7) at 1. In response to the court's order to address the concern about his criminal history, Cummings underscores that, while his criminal history is significant, he has established prosocial support and is able to "manage his life ... to avoid situations that could result in violative conduct." Reply (Doc. 9) at 2.

The court agrees that Cummings's criminal history is serious and concerning. However, not all motions for early termination of supervised release are, even on their surface, 'equal.' Some may be filed shortly after the required one-year period of the term of supervised

release has expired; others may be filed near the end of the entire term of supervised release; and others may be filed somewhere in between these two points. It would be one thing if Cummings were seeking termination of his supervision very early in his term, but instead he is seeking termination when his supervision term is nearly finished. He has successfully completed more than 90 % of his term of supervised release. The filing of his motion, therefore, falls near the point that has allowed the court to observe his conduct over a fairly lengthy period of time. Since 2022, and thus for over four years, he has maintained a steady job and a stable home life with his wife, child, and grandchild, and has consistently submitted negative drug screens.

Moreover, almost 19 years have passed since Cummings committed the offenses in this case in 2007, and he has already served a lengthy prison sentence due to his career-offender and armed-career-criminal statuses. There is also no indication in the record that he has committed a crime since his release from prison.

**Therefore, despite Cummings's significant criminal history prior to 2007, including his statuses as a career offender and armed career criminal at sentencing, his success on supervision for over four years demonstrates that his term of supervised release has served its forward-looking goals and that court supervision is no longer needed to protect the public from him, to deter him from committing future crimes, or to provide him with additional rehabilitation. *See* 18 U.S.C. § 3553(a)(1) & (a)(2)(B), (C), & (D). In sum, after considering the applicable factors in 18 U.S.C. § 3553(a), the court is satisfied that early termination is warranted by the Cummings's conduct and the interest of justice.**

**Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), it is ORDERED that defendant Calvin S. Cummings's motion to terminate supervised release early (Doc. 3) is granted, and he is discharged.**

**DONE, this the 28th day of September, 2026.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**